1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALBRA MCCLAIN,                            No.  2:18-cv-01599-TLN-AC

12             Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   AMERICAN CREDIT RESOLUTION,
     INC. a Georgia corporation,
15
                  Defendant.
16

17

18        This matter is before the court on plaintiff's motion for default judgment.  ECF No. 23.

19   The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  This motion was

20   submitted without oral argument.  ECF No. 24.  For the reasons set forth below, the undersigned

21   recommends that plaintiff's motion be GRANTED in part and DENIED in part.

22                          **I.        Relevant Background**

23        Plaintiff, Albra McClain, brought her complaint in Sacramento County Superior Court on

24   April 23, 2018, alleging that defendant violated the Fair Debt Collection Practices Act and the

25   California Rosenthal Fair Debt Collections Practices Act.  ECF No. 1-1 at 3.  Defendant,

26   represented at the time by the law firm Gordon Rees Scully Mansukhani, LLP, removed the case

27   to federal court on June 1, 2018 based on the presence of federal question jurisdiction.  ECF No.

28   1.  On July 25, 2019, defense counsel moved to withdraw from the case.  ECF No. 6.  On April 6,

1    2020, the motion was granted, and defendant was ordered to retain new counsel and file a status

2    report within 30 days.  ECF No. 13.  On June 25, 2020, District Judge Troy L. Nunley entered a

3    minute order noting defendant failed to timely retain new counsel and indicating the court would

4    entertain a motion for entry of default and default judgment.  ECF No. 14.

5         Plaintiff failed to make a motion, and on October 1, 2020, the court expressly ordered

6    plaintiff to move for default judgment.  ECF No. 15.  On October 29, 2020, plaintiff moved for

7    default judgment without first obtaining entry of default from the Clerk of Court.  ECF Nos. 16,

8    18.  On November 2, 2020, the undersigned noted this error and directed the Clerk of Court to

9    make the determination as to whether entry of default was appropriate.  ECF No. 20.  On

10   November 2, 2020, the Clerk of Court entered default against defendant.  ECF No. 21.  Plaintiff

11   took no further action, and on July 29, 2021, Judge Nunley again ordered plaintiff to move for

12   default judgment.  ECF No. 22.  On August 10, 2021, plaintiff moved for default judgment.  ECF

13   No. 23.  That  motion is now before the undersigned.

14        Plaintiff's complaint is predicated on defendant's allegedly unlawful debt collection

15   practices.  The complaint alleges that defendant American Credit Resolution, Inc. ("ARC") is a

16   debt collector as defined by the FDCPA, and is a corporation doing business collecting debts in

17   Sacramento, California and operating from Sandy Springs, Georgia.  ECF No. 1-1 at 4.  Plaintiff

18   asserts that the alleged debt ARC tried to collect from the plaintiff is a "consumer debt" as

19   defined by the Rosenthal Act.  ECF No. Id. at 4.  Plaintiff alleges that on an unknown date, ACR

20   obtained information regarding an alleged debt that she purportedly owed.  Id. at 4.  ACR

21   contacted plaintiff on her cell phone to collect the debt on an unspecified date.  Id.  Plaintiff

22   notified ACR that she had an attorney and that ACR should contact her attorney.  Id.  ACR

23   ignored the request and continued to call plaintiff at unspecified dates and times.  Id.  ACR left a

24   voice message confirming its knowledge that plaintiff had counsel, even identifying plaintiff's

25   counsel by name, and continued to call plaintiff thereafter.  Id.  ACR sent plaintiff text messages

26   to collect the debt knowing plaintiff had an attorney.  Id.  ACR's actions caused plaintiff

27   emotional distress.  Id.

28   ////

2

## II.      Motion

Defendant moves for default judgment on all counts, seeking damages as follows: (1) $2,000 in statutory damages; (2)  $25,000 in damages for emotional distress; and (3) $4,637.50 in attorney's fees and $605 in costs. 1-1 at 6; ECF No. 23-1.

## III.      Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1)      the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co.

3

of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

### B. The Eitel Factors

#### 1. Factor One: Possibility of Prejudice to Plaintiff

As a preliminary matter, it is worth noting that plaintiff's brief does not directly address the Eitel factors. Nonetheless, the court has considered the entire record in its evaluation here. The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because she would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

#### 2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

##### a. The Fair Debt Collection Practices Act

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent

State action to protect consumers against debt collection abuses.'" <u>Gonzales v. Arrow Fin.</u> <u>Servs., Inc.</u>, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)).  Under §§ 1692d and 1692d(5) of the FDCPA, it is a violation for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, and abuse the consumer.  Further, it is a violation of the FDCPA for a debt collector to communicate with a consumer to collect a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."  15 U.S.C.A. § 1692c.

To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." <u>Pratap v. Wells Fargo Bank, N.A.</u>, 63 F.Supp.3d 1101, 1113 (N.D. Cal. 2014).  The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." <u>Id.</u> at 1060–61.  "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." <u>Id.</u> (citing <u>McCollough v. Johnson</u>, <u>Rodenburg & Lauinger, LLC</u>, 637 F.3d 939, 948 (9th Cir. 2011)).[1]

Plaintiff's complaint is sufficient to state a claim under the FDCPA.  Plaintiff alleges that defendant called and texted her, attempting to collect a debt, after she communicated that she had counsel, and any attempts to collect a debt should be directed to her counsel.  <u>See</u> ECF No. 1-1.

---

[1]  The court notes that plaintiff's complaint does not state the dates of the alleged violations, raising obvious questions about whether or not her complaint would be barred by the one-year statute of limitations attached to the FDCPA.  <u>See</u> <u>Rotkiske v. Klemm</u>, 140 S. Ct. 355, 358 (2019).  However, unless a statute of limitations is jurisdictional, it "is an affirmative defense which was waived by virtue of [defendant's] default.  <u>In re Est. of Ferdinand E. Marcos Hum.</u> <u>Rts. Litig.</u>, 978 F.2d 493, 495 (9th Cir. 1992).  In the FDCPA context, the statute of limitations defense can be waived.  <u>See</u> <u>Weinstein v. Mandarich L. Grp., LLP</u>, 798 F. App'x 88, 91 (9th Cir. 2019)

1   Plaintiffs' allegations, which the court accepts as true for purposes of plaintiff's motion for

2   default judgment, see, e.g., Cripps, 980 F.2d at 1267, are sufficient to establish that defendant,

3   acting as a "debt collector," engaged in conduct the natural consequence of which was to harass

4   and mislead plaintiffs, in violation of §§ 1692d and 1692e, and communicated with her whilst

5   knowing that she had counsel, in violation of §1692c(a)(2).  These allegations support a

6   successful FDCPA claim and the merits of this claim thus favor entry of default judgment.

7                    b.   Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

8          The Rosenthal Act is the "state version of the FDCPA."  Riggs v. Prober & Raphael, 681

9   F.3d 1097, 1100 (9th Cir. 2012).  Section 1788.17 of the Rosenthal Act provides that,

10  "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting

11  to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive,

12  of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

13  Cal. Civ. Code § 1788.17.  In sum, Section 1788.17 "mimics or incorporates by reference the

14  FDCPA's requirements ... and makes available the FDCPA's remedies for violations."  Riggs,

15  681 F.3d at 1100 (citing Cal. Civ. Code § 1788.17).  Thus, whether an act violates the Rosenthal

16  Act turns on whether it violates the FDCPA.  Id., see also, Barria v. Wells Fargo Bank, N.A., No.

17  2:15-cv-01413-KJM-AC, 2016 WL 474319, at *4 (E.D. Cal. Feb. 8, 2016) ("[C]onduct by a debt

18  collector that violates the FDCPA violates the Rosenthal Act as well." (citations omitted)).  The

19  undersigned has found that plaintiff's allegations support a meritorious claim that defendant

20  violated the FDCPA.  Accordingly, the merits of plaintiff's Rosenthal Act claim likewise favor

21  entry of default judgment.

22                 3.   Factor Four: The Sum of Money at Stake in the Action

23         Under the fourth Eitel factor, the court considers the amount of money at stake in relation

24  to the seriousness of defendant's conduct.  This analysis requires the court to assess whether the

25  recovery sought is proportional to the harm caused by the defendant's conduct.  Landstar Ranger,

26  Inc. v. Parth Enters., Inc., 725 F.Supp.2d 916, 921 (C.D. Cal. 2010).  Default judgment is

27  disfavored if the sum of money at stake is too large or unreasonable in relation to the defendant's

28  conduct.  Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014).  Courts consider

plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable.  HICA Educ. Loan Corp. v. Warne, No. 11-CV-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012).

Plaintiff in this case seeks $2,000 each in total statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.30(b), as well as an award of reasonable attorneys' fees and costs of litigation, and $25,000 in emotional distress damages.  ECF No. 23-1 at 4-5.  While the court finds the statutory damages reasonable, plaintiff provides no support for her emotional damages.  In her declaration, plaintiff states that ACR contacted her via phone call at least once after being informed that she had an attorney.  ECF No. 23-2 at 2.  ACR also sent plaintiff text messages six times after being told plaintiff was represented.  Id.  With respect to emotional distress, plaintiff states: "As a result of ACR's conduct, I suffered emotional distress, worry, and anxiety.  I retained an attorney to assist me yet ACR completely disregarded my request that they cease contacting me and forward communications to my attorney.  I thus felt helpless in ACR's relentless attempts to collect from me.  I respectfully request $25,000 as an appropriate amount of compensation for my emotional distress."  The $25,000 amount was apparently pulled out of thin air.  There are no medical invoices or supporting documentation of any kind.  Plaintiff does not provide any factual support for these damages other than her statement that she felt helpless.  The undersigned finds no basis to award $25,000 for distress allegedly caused by a phone call and six text messages without any supporting documentation in the record.  The requested amount is disproportionate to the allegations involved.

Plaintiff's claim for attorney's fees and costs are supported by an acceptable billing statement and therefore awardable.  The court finds the request for fees in the amount of $4,637.50 for 13.6 hours of attorney work and expenses in the amount of $605.00 reasonable and proportionate to the claims in this case.  Overall, the fourth Eitel factor is satisfied in this case, though plaintiff's emotional damages are unsupported and not awardable.

4.  Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations.

Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Defendant initially appeared in this case and was the one to remove this case to federal court.  Despite ample notice of this lawsuit, defendant failed to defend itself in this action.  Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant, though not all of plaintiff's claimed damages are awardable, as discussed in detail above.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.  Conclusion

Based on the foregoing, it is RECOMMENDED THAT:

1.  Plaintiff's August 10, 2021 motion for default judgment, (ECF No. 23) be granted in part and denied in part;

2.  The court enter judgment in favor of plaintiff;

3.  The court GRANT plaintiff's request statutory damages in the amount of $2,000 but DENY plaintiff's request for emotional distress damages in the amount of $25,000;

4.  The court grant plaintiff's request for attorney's fees in the amount of $4,637.50 and costs in the amount of $605.00; and

5.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 12, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE